IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Gary Byrd,                                      )
                                                )
         plaintiff,                             )        Case: 1:14-cv-02159   **JURY DEMAND**
                                                )        Assigned To : Bates, John D.
V.                                              )        Assign. Date : 12/22/2014
                                                )        Description: Pro Se Gen. Civil
The United States Parole Commission,            )
                                                )             jury trial demanded
John Doe # 1; and John Doe # 2,                 )

                       Defendants.

## CIVIL RIGHTS COMPLAINT

Now come the plaintiff. Gary Byrd, pro- se and as a layman, a prisoner in the
Federal Bureau of Prisons ( FBOP ), currently being housed at USP Hazelton
brings forth this civil rights complaint against the abovenamed defendants
and states as follows:

## NATURE OF THE COMPLAINT

1. This is a civil rights complaint brought pursuant to 42 USC § 1983 to redress
violations of the plaintiffs rights under the First Amendment of the U.S.
Constitution, to be free from the application of Ex Post Facto laws that cause
the plaintiff to suffer a detriment.

2. The plaintiff is seeking a judgement declaring the defendants described actions
Unconstitutional;A preliminary and permenent injunction directing the defendants
to hold a new parole hearing in compliance with the applicable rules and policies
that were in effect at the time the plaintiff was sentenced and continue to do thereso;
and punitive damages against the defendants in their official and individual
capacities, to discourage the defendants common,malicious, actions from reoccurring
in the future.

RECORD
Mail Room

DEC 1 0 2014

Angela D. Caesar, Clerk of Court
U S District Court, District of Columbia

INTRODUCTION

3. In this lawsuit the plaintiff is a prisoner in the FBOP serving an indeterminate prison sentence of 37- years to life for his convictions for violating the District of Columbia Code ( see: U.S. V. Gary Byrd, No.F-470-84 , Superior Court of the District of Columbia ).

4. In said case, the plaintiff was found guilty by trial by jury in September, 1985 and sentenced in December, 1985.

5. The plaintiff is currently being housed at USP Hazelton and seeks relief from the abovenamed defendants for their practice of maliciously, and knowingly conducting the plaintiffs parole hearings under the FBOP guidelines that were implemented in the year 2000, rather than the District of Columbia parole guidelines that were in effect in the year 1985... the year the plaintiff was convicted and sentenced.

6. It is undisputable, that when the District of Columbia guidelines governing parole decisions in the year 1985 are compared to the 2000 guidelines that are being applied to the plaintiffs parole hearings today by the defendants, the 1985 guidelines are much more favorable to the plaintiff in being granted parole. Whereas, the 2000 guidelinesare much more strict and require the plaintiff to show much more, and allow the defendants to consider factors that can not be considered under the 1985 D.C. parole guidelines.

7. As a result of the defendants application of the U.S.P.C. 2000 parole guidelines at the plaintiffs 2014 parole hearing , the plaintiff suffered, and continues to suffer a serious detriment that caused him to be denied parole... a clear and blatent violation of the Ex Post Facto clause of the U.S. Constitution.

JURISDICTION AND VENUE

8. This court has jurisdiction of the instant cause pursuant to 28 USC § § 1331, and 1334 (a) (3), and (4); Declaratory relief is sought pursuant to 28 USC § § 2201, and 2202. Venue is proper in the U.S.D.C. for the District of Columbia, because, the United States Parole Commissions main office is located therein, and at least one of the defendants reside in the district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. The defendants decision to deny the plaintiff parole at his June, 2014 parole hearing is not an appeallable decision under the United States Parole Commissions own rules and regulations, therefore, exhaustion of administrative remedies is not required pursuant to the prison litigation reform act. ( SEE: EX. A ).

## PARTIES

### PLAINTIFF

10. The plaintiff, Gary Byrd is a district of columbia code violater serving a prison sentence of 37- years to life in the FBOP. He is eligible for parole under the 1985 District Of Columbia parole guidelines. His parole hearings are conducted by the United States Parole Commission in accordance with said guidelines.

### DEFENDANTS

11. The United States Parole Commission,(USPC), is a Government agency resposible for conducting parole hearings for District of Columbia code offenders in accordance with the guidelines that were in effect at the time the offender was sentenced for his offense. This defendant has personal, first hand knowledge of the allegations in this complaint.

12. Defendant, John Doe #1, is an Examiner for the USPC and conducted the plaintiffs 2014 parole hearing. Said defendant recommended that plaintiff be denied parole by relying upon the retroactive application of the USPC's 2000 guidelines. This defendant has personal, first hand knowledge of the allegations in this complaint.

13. Defendant John Doe #2, is the director for the USPC and has the overall resposibility for ensuring that the USPC conducts hearings in accordance with the guidelines that were in effect at the time of an offenders sentencing, and that said hearings comply with the United States Constitution. This defendant has personal firsthand knowledge of the allegations in this complaint.

14. At all times relevent to this complaint,the defendants acted under the color of the laws,regulations, and customs of the United States of America, and the District of Columbia. All defendants are being sued in their individual and official

capacties. The defendants actions described herein constitute a"STATE ACTION "as defined under Federal law.

## ALLEGATIONS OF FACT

### THE RETROACTIVE APPLICATION OF THE USPC'S 2000 PAROLE GUIDELINES

### AT THE PLAINTIFFS 2014 PAROLE HEARING VIOLATE THE EX POST FACTO

### CLAUSE OF THE U.S. CONSTITUTION

The plaintiff is a 65- year old prisoner who has been continuously incarcerated since January 19,1984...

On September 12, 1984, in the superior court of the district of columbia the plaintiff was charged by an 11- count indictment for the offenses of: count-1, intent to commit robbery (22 D.C. CODE, §§ 501 and 3202); count-2 assault with intent to kill while armed (22D.C. CODE, §§ 501 and 3202); count-3 carrying a pistol without a license 22 D.C. CODE § 3204); count-4, assault with intent to kill, (22 D.C. CODE §§ 501 and 3202); count-5, assault with a dangerous weapon (22 D.C. CODE § 502); count-6 assault with a dangerous weapon 22 D.C. CODE § 502); count-7 carrying a pistol without a license (D.C. CODE § 502); count-8 unlawful possession of a controlled substance(33 D.C. CODE §541 (c) ); count-9 unlawful possession of a controlled substance (33 D.C. CODE § 541 (c) ); count-10 unlawful possession of a controlled substance (33 D.C. CODE § 541 (c) );count-11 unlawful possession of a controlled substance (D.C.CODE § 541 (c) ).

After a trial by jury in September, 1985, the plaintiff was found guilty of: the lesser included offense of count-2 assault with a deadly weapon; count-3 carrying a pistol without a license;count-4, assault with intent to kill; count-5, assault with a dangerous weapon; and count-7, carrying a pistol without a license, all of which are D.C.CODE violations.

In December, 1985, the plaintiff was sentenced to terms of imprisonment as follows; 15-years to life for count-2; 3-years,4-months to 10-years for count-3; 15-years to life for count-4; 3-years, 4-months to 10-years for count-5; and 1-year for count-7. A total aggragated sentence of 37-years to life, to be served consecutive to one another and any other sentence the defendant may be serving. The court further recommended Federal designation.

4.

The plaintiff was transferred to federal custody where his parole hearings are to be conducted under the 1985 District of Columbia parole guideline, that were codified in 1987. Said hearings are to be conducted by the United States Parole Commission(USPC). The plaintiff began his incarceration with a parole eligibility date of 2022, however, in 1991 the District of Columbia, and the D.C. Department of Corrections passed and promulgated The District of Columbia Good Time Credits Act, that resulted in the plaintiff recieving 4244-days of good time credits to his minimum sentence this award made the plaintiff eligible for parole in 2007, unfortunately, due to the defendants negligence and the plaintiffs ignorance of the law, the plaintiff did not recieve his initial parole hearing until June, 2011.

## PLAINTIFF'S JUNE, 2011 PAROLE HEARING

It is important to note that the untimelieness and unconstitutionality of the plaintiffs 2011 parole hearing is not at issue in this instant case, it will however be briefly discussed to show the pattern of the defendants knowing and malicious disregard of the plaintiffs basic rights.

On June 22, 2011, the plaintiff was given his **INITIAL** parole hearing by the USPC. At said hearing the USPC unlawfully applied **THEIR** 2000 guidelines retroactively to the plaintiff, considering factors that are not allowed to be considered under the D.C. Parole Guidelines, specifically, the USPC applied a 4-point increase to the plaintiffs salient factor score (SFS) and his base point score (BPS), for his current offense severity... under the 1987 D.C. parole guidelines current offense severity is intentially not considered when determining parole eligibility, and therefore no points should have been added to the plaintiffs SFS or BPS by the USPC. It is important to note that without this 4-point increase the plaintiff would have been eligible for parole.

Furthermore, the USPC considered post-incarceration factors that are specifically prohibited from consideration by the 1987 D.C. Parole guidelines. The USPC considered 100 and 200 series disiplinary infractions under their own 2000 guidelines that occurred over 3-years **before** the plaintiffs initial hearing. The 1987 D.C. guidelines state that 100 and 200 series infractions are only to be considered if they occurred

within 3-years of the offenders hearing. Again it is important to note that had

the USPC not added the points they did for these described infractions the plaintiff

would have been eligible for parole.

Moreover, the USPC refused to consider positive post-incarceration factors, that must

be considered under the 1987 D.C. Parole guidelines. The plaintiff presented evidence

i.e., certificates,transcripts, FBOP documentation proving that he has successfully

completed numerous educational, vocational, and work programs to recieve " exceptional

program and work assignment achievement ". Despite this evidence, the USPC refused

to deduct the points that are required to be deducted from the plaintiffs SFS, and

BPS, pursuant to the 1987 D.C. parole guidelines... had the USPC not conducted the

plaintiffs hearing under the retroactive application of the USPC 2000 guidelines,the

plaintiffs points would have been below the required minimum for him to recieve parole.

For all of these abovementioned reasons, the defendants retroactive application of the

USPC's 2000 parole guidelines at the plaintiffs 2011 parole hearing violate the Ex Post

Facto clause of the First Amendment of the United States Constitution. ( SEE: EX.D ).

PLAINTIFFS MAY 29, 2014 PAROLE HEARING

On approximately August 20, 2011, the plaintiff recieved a letter from the USPC advising

him that he would be having a 3-year reconsideration hearing in June of 2014 ( SEE: EX.-B )

On March 29, 2014 the plaintiff sent the USPC a letter reminding them of his June

hearing, and advising them that he wished to have his parole hearing heard and considered

pursuant to the applicable 1987 D.C. parole guidelines, rather than the 2000 USPC

parole guidelines that were retroactively applied at his initial 2011 hearing ( SEE:EX.-C ).

On May 29, 2014, the plaintiff recieved his reconsideration hearing that was scheduled

for June,2014. At said hearing, it was again discussed that the plaintiff was a

D.C. CODE offender, under the "old" law and wished to have his hearing held under the

1987 guidelines. The hearing was held under this presumption ,but was later found out

to be incorrect.

The USPC ignored the plaintiffs request/demand to have his hearing conducted and decided

pursuant to the applicable 1987 D.C. parole guidelines and instead held his hearing

pursuant to the retroactive application of the 2000 USPC guidelines ,causing the plaintiff

to suffer a serious detriment,that being a significant risk that the plaintiff will spend more time in prison than he would have if his parole hearings were conducted pursuant to the applicable 1987 D.C. guidelines. This is proven by the fact that the plaintiff was denied parole based upon factors that should not have been considered and factors that should have been considered but were not (SEE:EX. A & D ).

It is undisputable that the 1987 D.C. guidelines are more favorable to the plaintiff being granted parole than the 2000 USPC guidelines (SEE:EX. E & F ), specifically speaking, the USPC applied a 4-point increase to the plaintiffs salient factor score, ( SFS ), and base point score, ( BPS ), pursuant to the 2000 guidelines, for his current offense severity ( SEE: EX.A ), when under the 1987 D.C. guidelines they intentionally do not use a current offense severity factor in their regulations because it's philosophy was to allow the court imposed sentence serve as it's own offense severity indicant ( SEE: EX 's. A,E,and F ).

Therefore, under the 1987 D.C. guidelines the plaintiff would not have recieved the 4-point increase to his SFS or BPS and would have been eligible for parole. Furthermore, the USPC considered post incarceration disciplinary infractions that are specifically prohibited from consideration by the D.C. guidelines(SEE: EX . E ), but allowed under the USPC's own 2000 guidelines (SEE: EX.F ). The USPC retroactively applied their own 2000 guidelines to consider 100, and 200 series disciplinary infractions that occurred over 3-years prior to the plaintiffs 2014 hearing when this is specifically prohibited by the 1987 D.C. guidelines that should be being applied at the plaintiffs hearings. without the addition of these points to the plaintiffs SFS and BPS, the plaintiff would have been eligible for parole. Also,the defendants considered 300 series disciplinary infractions that occurred over one year prior to the plaintiffs 2014 parole hearing, under the retroactive application of the 2000 USPC parole guidelines. This consideration is impermissable under the 1987 D.C. parole guidelines, and without the resulting points therefrom, the plaintiff would have been eligible for parole .

The defendants furthermore relied upon the retroactive application of
their 2000 guidelines to refuse to consider the plaintiffs possitive
post-incarceration factors, that being, since the plaintiffs imprisonment
began, he has sustained, program achievement. He has successfully
completed numerous educational and vocational courses (SEE:EX. G ), that
would qaulify him for point reductions under the 1987 D.C. parole guidelines
( SEE: EX. E ), the plaintiff has also had good to exellent work programing,
and under the 1987 guidelines , would have been eligible for for an
even further point reduction from his SFS and BPS.

Simply speaking, if the defendants would not have unlawfully held the
plaintiffs hearing under the retroactive application of the USPC's  2000
guidelines,the plaintiffs point reductions for his superior program and
work assignment achievement would have reduced his SFS and BPS below the
required number to make him suitable for parole.

DFEENDANTS ABOVEDESCRIBED ACTIONS VIOLATE THE
**EX** POST FACTO CLAUSE OF THE U.S. CONSTITUTION

The plaintiff is a D.C. code offender who was convicted and sentenced
in the year 1985, when the D.C. Parole Board was responsable for
conducting and deciding all parole hearings for D.C.code offenders,
pursuant to the 1985 District of Columbia parole guidelines.

On August 5, 1998, the USPC took over responsibility from the D.C.  parole
board for conducting parole hearings for D.C. Code offenders.

It is undisputable that the USPC knew without a doubt, even before
they took this responsibility for all D.C.code offenders in 1998, that
they were required to hear and decide parole hearings for D.C code offenders
who were in federal prison before 1998,pursuant to the D.C. parole guidelines
( SEE: EX-H ),this fact was again reiterated by the U.S.D.C.for the District
of Columbia, in the case SELLMON V. REILLY,551 F. SUPP. 2d 66 in 2008...
a case that is directly on point with this instant case .

The defendants here have knowingly and maliciously ignored the plaintiffs rights by impermissably applying the current federal parole guidelines at the plaintiffs parole hearings, rather than the 1987 District of Columbia parole guidelines that are required by law.

Had the defendants applied the applicable guidelines at the plaintiffs 2011 and 2014 parole hearings, the correct criteria for determining the plaintiffs points would have been relied upon to establish an accurate BPS and SFS calculation, said points that reflect the plaintiffs superior educational, vocational, and work programing, along with the decrease in points based upon a recalculation without considering the plaintiffs current offense severity, or disqualified disiplinary infractions, would have made the plaintiff suitable for parole.

For all of the aforementioned reasons the defendants actions and inactions are violating the plaintiffs rights under the EX POST FACTO clause of the U.S. Constitution.

     WHEREFORE, the plaintiff request that this honorable court GRANT the following relief:

A. Declare that the actions and inactions of the defendants described herein violate the plaintiffs rights under the EX POST FACTO clause of the first amendment, section-9, of the U.S. Constitution

B. Enjoin the defendants from engaging in any action or conduct that violates the plaintiffs abovementioned rights.

C. Order the defendants to take any and all action necessary to remedy the violations of the plaintiffs abovementioned rights, including but not limited to holding a new parole hearing immidiately that complies with the 1987 District of Columbia parole guidelines.

D. Award the plaintiff a judgement against the defendants, seperately, and jointly for punitive damages in an amount deemed proper by the fact finder.

E.Award the plaintiff ajudgement against the dêfendants seperately and jointly for any other releif this honorable court deems fair and just.


RESPECTFULLY SUBMITTED,

*Garry Byrd*

Gary Byrd, pro-se


Gary Byrd #98411-131

USP Hazelton

P.O.BOX 2000

Bruceton Mills, WV    26525



PRIORITY MAIL
POSTAL SERVICE
.com

UNITED STATES POSTAL SERVICE

PS TRACKING #

9412 3080 3837 3982 03

Label 400  Jan. 2013
7690-16-000-7948

Bell Byrd 98-411-131
Clifton P.O. Box 2000
Mills Ky 26525

United States District Court
For the District of Columbia, Civil Div
333 Constitution Ave

DEC 10 2014

U.S. POSTAGE
PAID
WASHINGTON, DC
20024
DEC 09, '14
AMOUNT
$5.95
00052108-08

1024
20001

Fax Server          6/18/2014 11:19:31 PM   PAGE   1/002   Fax Server

TO:BOPHAZ COMPANY:

U.S. Department of Justice                    **Notice of Action**              Ex. A
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

| | |
|---|---|
| Name: BYRD, Gary | Institution:   Hazelton USP |
| Register Number: 98411-131 | |
| DCDC No: 157-922 | Date:   June 18, 2014 |

As a result of the hearing conducted on May 29, 2014, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in May 2017. It is recommended that you participate in the BOP's Challenge Program prior to the next hearing.

**REASONS**:

Your Current Total Guideline Range is 338-442 month(s). See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 345 months as of May 11, 2014.

After consideration of all factors and information presented, a decision outside the Current Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Offender Processing Unit
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

       Designation & Sentence Computation Ctr
       U.S. Armed Forces Reserve Complex
       Grand Prairie Office Complex
       346 Marine Forces Drive
       Grand Prairie, TX 75051

TO:BOPHAZ  COMPANY:

Ex. A

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## CURRENT TOTAL GUIDELINE RANGE

|  |  |
|---|---|
| **8** ---- | **Base Point Score** |
| 72—96 | Base Point Score Guideline Range |
| 303-303 | Months Required to Serve to Parole Eligibility Date |
| 12—40 | Disciplinary Guideline Range (before last hearing) |
| **less  0—0** | Superior Program Achievement Award (before last hearing) |
| 387-439 | Previous Guideline Range Conversion |
| 0--- 2 | Disciplinary Guideline Range |
| **less  0—0** | Superior Program Achievement Award (if applicable) |
| 387-441 | **Current Total Guideline Range** |

| Base Point Score Guideline Range | |
|---|---|
| Score | Guideline Range |
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-192 months |

United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

Name: BYRD, Gary          Institution:          Coleman II-USP          Ex B
Register Number: 98411-131
DCDC No: 157-922          Date:     August 16, 2011

As a result of the hearing conducted on June 22, 2011, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in June 2014.

It is recommended that you participate in and successfully complete anger management counseling and
Alternatives to Violence Program while in BOP custody.

REASONS:

Your Total Guideline Range is 388-440 month(s). See the attached sheet for the components that make
up
your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base
Point
Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if
applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 317 months as
of June
20, 2011.

After consideration of all factors and information presented, a decision outside the Total Guideline
Range at
this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may
also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:       Offender Processing Unit

file://C:\Documents and Settings\BOP17881\Local Settings\Temp\XPgrpwise\5074016CL...   10/9/2012

300 Indiana Avenue, N.W., Suite 2070
Washington, D.C.  20001

Designation & Sentence Computation Ctr
U.S. Armed Forces Reserve Complex
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX  75051

Ex B

_IENT FACTOR SCORE (SFS-98)

ir Pts Salient Factor Score (SFS-98) Item Explanations

1     A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or
e = 1; Four or
e = 0
0     B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or
= 1; Three
iore = 0
3     C - Age at commencement of the current offense/prior commitments of more than
y days
lt or juvenile) (see table below for an explanation)
0     D - Recent commitment free period (three years)
      No prior commitment of more than thirty days (adult or juvenile), or released to the
munity from last such commitment at least three years prior to the commencement of the
ent offense = 1; Otherwise = 0
0     E - Probation/parole/confinement/escape status violator this time
      Neither on probation, parole, confinement, or escape status at the time of the current
nse;
committed as a probation, parole, confinement or escape status violator this time = 1;
rwise = 0
0     F - Older offenders
      If the offender was 41 years or more at the commencement of the current offense
the
score from Items A-E above is 9 or less) = 1; Otherwise = 0
4     Salient Factor Score (SFS-98) (sum of points for A-F above)


E POINT SCORE

Pts Base Point Score Category Explanations

2     I - Contribution from Salient Factor Score
      10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor
= +3
4     II - Current or Prior Violence
      Violence in current offense and any felony violence in two or more prior offenses =

nce in current offense and any felony violence in one prior offense = +3; Violence in
nt offense = +2; No violence in current offense and any felony violence in two or more
offenses = +2; Possession of firearm in current offense if current offense is not scored as
ie of violence = +2; No violence in current offense and any felony violence in one prior
se = +1

2        III - Death of Victim or High Level Violence (Category III points are added to points scored in
Categories I and II)

Current offense was high level or other violence with death of victim resulting = +3; Current
offense involved attempted murder or violence in which death of a victim would have been a
probable result = +2; Current offense was other high level violence = +1

8        Base Point Score (sum I-III above)                    Ex.B

## DISCIPLINARY GUIDELINES

You have 4 non-drug related infraction(s) [0-2 months each], which requires 0-8 months to be added to your
base point score guideline range.

You have 2 drug related infraction(s) [0-8 months each], which requires 0-16 months to be added to your base
point score guideline range.

You have behavior that constitutes new criminal conduct in a prison facility which is rated as Category Three
severity because it involved Possession of a Weapon.  This requires 12-16 months to be added to your base
point score guideline range.

You have an aggregate disciplinary guideline range of 12-40 months, which is to be added to your base point
score guideline range.


## SUPERIOR PROGRAM ACHIEVEMENT AWARD

Not Applicable


## TOTAL GUIDELINE RANGE

|        | 72  | 96  | Base Point Score Guideline Range |
|--------|-----|-----|----------------------------------|
|        | 304 | 304 | Months Required to Serve to Parole Eligibility Date |
|        | 12  | 40  | Disciplinary Guideline Range |
| less   | 0   | 0   | Superior Program Achievement Award (if applicable) |
|        | 388 | 440 | Total Guideline Range |

Ex B

Base Point Score Guideline Range

Points For SFS Item C

Base Point
Score

Guideline
Range

Age

Prior Commitments

0-3     4     5+
3 or less
0 months

26 & Up

3

2

1

4
12-18 months

5
18-24 months

22-25

2

1

0

6
36-48 months

Ex. C

U.S. Department of Justice
United States Parole Commission
90 K Street, N.E. 3rd Floor
Washington, D.C. 20530

March 25, 2014

Garry Byrd
98411-131
USP, Hazelton
P.O. Box 2000
Bruceton Mills, WV
                26525

Mr. Commissioner:

It is my understanding that I have a scheduled parole rehearing for June 2014. This brief letter is to remind the Commissioner that I am a D.C. Prisoner under the old law and that I should be heard under the 1982 D.C. Parole Guidlines.

Respectfully,

Garry Byrd

c/f

Ex D                I:2

U.S. Department of Justice                           **Notice of Action**
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C.  20530

| | |
|---|---|
| Name: BYRD, Gary | Institution:  Coleman II-USP |
| Register Number: 98411-131 | |
| DCDC No: 157-922 | Date:   August 16, 2011 |

As a result of the hearing conducted on June 22, 2011, the following action was ordered:

Deny parole.  Continue to a Three-Year Reconsideration Hearing in June 2014.

It is recommended that you participate in and successfully complete anger management counseling and Alternatives to Violence Program while in BOP custody.

**REASONS**:

Your Total Guideline Range is 388-440 month(s).  See the attached sheet for the components that make up your Total Guideline Range.  These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 317 months as of June 20, 2011.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

**＊** THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Offender Processing Unit
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

       Designation & Sentence Computation Ctr
       U.S. Armed Forces Reserve Complex
       Grand Prairie Office Complex
       346 Marine Forces Drive
       Grand Prairie, TX  75051

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   **Salient Factor Score (SFS-98) Item Explanations**

1   **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0   **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

3   **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0   **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0   *not*

4   **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts**   **Base Point Score Category Explanations**

2   **I** - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

4   **II** - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

2   **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

8   **Base Point Score** (sum I-III above)

---

Ex. D

## HEARING SUMMARY

**Name:  Byrd, Gary**                                              **Reg No:  98411-131**

### Hearing Parameters

Hearing Format ............................: **In Person**
Hearing Type ...............................: **Initial**
Hearing Date ...............................: June 22, 2011
Examiner.....................................: Larry T. Glenn
Institution....................................: Coleman II-USP


### Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**
MR/Statutory Release..................: N/A
Full Term Date.............................: Life Sentence
Months in Custody.......................: 317 as of 6/20/2011
Fines/Restitution/Assessment ......: None
Detainer......................................: None


**Additional text regarding the above parameters:  None**


### <u>Prior Action & Institutional Factors</u>

**Prior Action:**  See the Prehearing Assessment dated June 13, 2011 completed by Examiner Larry T. Glenn.

_____


**Codefendants:**  Terrance A. Lewis Reg. #01351-000 was granted parole on 5/13/2004.

**Victim Information:**  There are no victims registered for notification in this case. Nevertheless a Mr. James Van and Odell Hillman were victimized by the subject. This case will be referred to Supervisory Victim/Witness Coordinator for follow up with the victims.

**Representative & Representative's Statement:** The subject's Case Manager, Mr. Patrick Connelly indicates that the subject has family who indicated they are willing to employ the subject and further he can reside with his mother in Fredericksburg, VA upon his release.

**Prisoner's Statement:**  The subject was asked to provide a statement regarding the offense; he declined to do so indicating that he is appealing this case and therefore he declined discussing any offense behavior relating to the case. The subject indicates the appeal was initially filed in the year 2000.

The subject indicates that he has participated in some programs but indicates that he has selected programs in which he feels would be beneficial to assist and securing employment upon his release. The subject related that he has successfully completed Dry Wall, Photography, Fork Lift Operation, Typing,

## Disciplinary Infractions

**No. 1 - BOP Incident Report No. 935936**
> **Description of Behavior:** Use of Drugs.
> **Prisoner's Response:** Admits.
> **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
> **Basis:** Your admission to the examiner.
> Rescission Guideline: **0-2 months.**

**No. 2 - BOP Incident Report No. 1115926**
> **Description of Behavior:** Assault without Serious Injury.
> **Prisoner's Response:** Admits.
> **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
> **Basis:** Your admission to the examiner.
> Rescission Guideline: **0-2 months.**

**No. 3 - BOP Incident Report No. 1411211**
> **Description of Behavior:** Use of Drugs.
> **Prisoner's Response:** The subject actually denies using drugs but indicates that he did introduce drugs into the prison (next DHO) and that one of the packets heroin burst while in his body cavity and resulted in a positive for opiates.
> **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
> **Basis:** Your admission to the examiner.
> Rescission Guideline: **0-2 months.**

**No. 4 - BOP Incident Report No. 1418403**
> **Description of Behavior:** Introduction Drugs.
> **Prisoner's Response:** Admitted.
> **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
> **Basis:** Your admission to the examiner.
> Rescission Guideline: **0-8 months.**

**No. 5 - BOP Incident Report No. 1657471**
> **Description of Behavior:** Threatening Bodily Harm.
> **Prisoner's Response:** Admitted.
>
> The subject indicates that he was drunk. At that point he learned that he can no longer drink as he is a diabetic and cannot adequately process alcohol.
> **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

Ex D

**Basis:** Your admission to the examiner.
Rescission Guideline: **0-2 months.**

**No. 6 - BOP Incident Report No.** 1769471
**Description of Behavior:** Possessing a Weapon.
**Prisoner's Response:** Admitted.
**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** Your admission to the examiner.
Rescission Guideline: ~~0-8 months.~~ 12-16 *gilt*

**No. 7 - BOP Incident Report No.** 2145343
**Description of Behavior:** Assaulting without Serious Injury (staff).
**Prisoner's Response:** Admitted.
**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** Your admission to the examiner.
Rescission Guideline: **0-8 months.**

**Program Achievement:** None.

**Release Plans:** The subject indicates that upon release he intends to reside at 424 Albany Street, Fredericksburg, VA 22407; telephone (540) 785-9229. He indicates that his 80 year old mother Mrs. Bernell Furbush resides at the residence alone.

**Guideline Parameters, Evaluation & Recommendation**

**Salient Factor Score:**   4

**Base Point Score:**      8

Base Point Score Guideline Range: ................................72-96
Months to Parole Eligibility Date: ..............................304-304
Disciplinary Guideline SINCE Last Hearing: .................12-40
Superior Program Achievement SINCE Last Hearing: ......0-0
Total Guideline Range: ..............................................388-440

**Evaluation:** The subject is a 61 year old male serving a maximum life term for the charges Assault with a Dangerous Weapon, Carrying a Pistol without a License and Assault with Intent to Kill while Armed. The subject indicates that he is appealing the conviction in this case and therefore would not discuss any of the particulars regarding the offense behavior.

The subject indicates that he has filed an appeal in this case that appeal was filed in the year of 2000. This examiner finds it interesting that the subject would file an appeal in this case 15 years after he was sentenced. This examiner questions the subject sincerity and his acceptance of responsibility.

Nevertheless, at this hearing the subject has been in custody 317 months but 71 months below the bottom of the applicable guideline range and therefore he his not parolable at this Initial Hearing.

E.X.D

**Recommendation:** Schedule for a Reconsideration Hearing in June, 2014. Further the subject should participate and successfully complete the Anger Management and Alternatives to Violence Program while in BOP custody.

**Conditions:** None.

**Statutory Interim Hearing:** June, 2013

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**I certify that I have reviewed this hearing summary.**

Larry Glenn, Hearing Examiner

LTG/PAH
August 4, 2011

**Executive Reviewer's Comments:**



GOVERNMENT OF THE DISTRICT OF COLUMBIA

BOARD OF PAROLE

717·14ᵀᴴ STREET N W  SUITE 300
WASHINGTON D C  20005

*Ex. E*

*DC. parole guidelines*

---

## POLICY GUIDELINE

**SUBJECT:** Definitions of Terms Used in Parole Guidelines

I.  **AUTHORITY:** DCMR Title 28, Section 204 and Appendices 2-1 and 2-2, May 1987

II.  **PURPOSE:**  To define criteria and parameters for determining the applicability of descriptive terminology used in the Parole Guidelines for release decisionmaking, and to facilitate consistency in Guideline application.

III.  **APPLICABILITY:**  All cases requiring Board action in which the Parole Guidelines are applied.

IV.  **REFERENCES:**  D.C. Department of Corrections Rules published at 28 DCMR Sections 502 and 503, May 1987 (copy attached); Board of Parole Policy Guideline regarding the establishment of dates for parole reconsideration, adopted on December 16, 1991.

V.  **RATIONALE:**

Many of the descriptive terms used in the Parole Guidelines criteria are judgmental and subjective.  As such, they lend themselves to disparate interpretations and applications by Guideline users.  To ensure equitable treatment of similarly-situated offenders, these terms require definitions that facilitate equitable application across affected cases, while preserving sufficient discretion to accommodate individual circumstances.

VI.  **POLICY:**

The following definitions shall apply to Parole Guidelines terminology in the release decisionmaking process; however, the weight accorded to any applicable countervailing factor shall be at the discretion of the Board.

E x E

2

A.   POST-INCARCERATION FACTORS:

1.   Negative Institutional Behavior consists of serious or repeated major disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

a.   In INITIAL PAROLE CONSIDERATION cases, the following disciplinary infractions shall ordinarily be considered as negative institutional behavior:

(1)   One Class I Offense for murder, manslaughter, kidnapping, armed robbery or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); OR

(2)   One Class I Offense as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(3)   Two Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer.

b.   In PAROLE RECONSIDERATION cases, the following disciplinary infractions occurring since the preceding release consideration on the sentence shall ordinarily be considered as negative institutional behavior:

(1)   One Class I Offense (see DCMR 28-502.3 through 502.17, May 1987); OR

(2)   Two Class II Offenses (see DCMR 28-503.2 through 503.12, May 1987).

c.   In RESCISSION CONSIDERATION cases, the following disciplinary infraction shall ordinarily considered as negative institutional behavior:

(1)   Removal from Work Release for one or more rule violations without subsequent reinstatement, EXCEPT WHERE REMOVAL WAS AT THE EXPRESS REQUEST OF THE OFFENDER; AND

(2)   No point for negative institutional behavior was assessed in the most recent Parole Guideline computation.

3

2.   **Sustained Program or Work Assignment Achievement** consists
of completion of a program or work assignment as
described below that shall ordinarily be documented by a
certificate, a diploma, a report from an institutional
teacher, counselor or work supervisor, OR other
documentary evidence.

   **a.**  In INITIAL PAROLE CONSIDERATION cases, the following
accomplishments shall ordinarily be considered as
sustained program or work assignment achievement during
the period of incarceration:

   **(1)**     Successful completion of one or two
educational or vocational programs, or program
levels, each of which enabled the offender to
develop an academic or job-related skill, OR
enabled the offender to progress to a higher level
of difficulty or skill in the program area; <u>OR</u>

   **(2)**  Award of a GED where the offender possessed
the prerequisite skills for participation in the
GED program at the time of incarceration on the
sentence; <u>OR</u>

   **(3)**  Successful completion of the requirements and
award of an Associate's or Bachelor's degree; <u>OR</u>

   **(4)**  Successful completion of one or more short-
term special needs programs, such as drug treatment
or psychological counseling, to address the
offender's identified problems;

   NOTE:  Completion of the 2-day DAAP program
   alone does NOT qualify as sustained program
   achievement.

   <u>OR</u>

   **(5)**  Satisfactory participation in one or more work
details for at least one-third of the period of
incarceration.

   **b.**  In PAROLE RECONSIDERATION cases, the accomplishments
set forth in Section VI-A-2(a) of this policy shall
ordinarily be considered as sustained program or work
assignment achievement where completion occurred since
the preceding consideration for release on the sentence.

4

**B.  FACTORS COUNTERVAILING A RECOMMENDATION TO DENY PAROLE:**

1.  **Exceptional Program or Work Assignment Achievement** consists of completion of a program or work assignment as described below that shall ordinarily be documented by a certificate, a diploma, a report from an institutional teacher, counselor or work supervisor, OR other documentary evidence.

   a.  In INITIAL PAROLE CONSIDERATION cases, the following accomplishments shall ordinarily be considered as exceptional program or work assignment achievement during the period of incarceration on the sentence:

   (1)  Successful completion of three or more educational or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, OR enabled the offender to progress to a higher level of difficulty or skill in the program area; OR

   (2)  Award of a GED where more than six (6) months of study were necessary to meet the requirements, i.e., the offender began academic courses of study without the prerequisite skills for participation in the GED program and successfully completed the coursework necessary to earn a GED while incarcerated; OR

   (3)  Award of an Associate's or Bachelor's degree where the offender needed 18 or more credits to fulfill the requirements for the degree; OR

   (4)  Participation at a better than satisfactory level in one or more work details as evidenced by three or more promotions or formal increases in levels of responsibility.

   b.  In PAROLE RECONSIDERATION cases, the accomplishments set forth in Section VI-B-1(a) of this policy shall ordinarily be considered as exceptional program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence.

2.  **Record of Exclusively Trivial Offenses** consists of misdemeanor offenses, ordinarily excluding offenses involving:

   a.  Possession, use, sale, attempted sale, distribution or attempted distribution of narcotics, controlled dangerous substances, or related paraphernalia;

5

b. Possession, use, sale or control of dangerous or deadly weapons;

c. Infliction or attempted infliction of bodily injury or harm; or

d. Destruction of public or private property.

3. **Substantial Crime-Free Period** is a period of at least five (5) years prior to commission of the instant offense(s) during which the offender was in the community, was not on escape, active parole or probation, and was not committed for more than thirty (30) days on any offense.

4. **Substantial Previous Period in Custody on Other Sentence(s) or Additional Committed Sentences** consists of:

a. A continuous period of at least five (5) years in custody on other sentence(s) immediately preceding the date the sentence for the instant offense(s) began; OR

b. A continuous period of at least five (5) years to be served on one or more additional sentences to incarceration which are consecutive to the instant sentence.

5. **Substantial Cooperation with the Government that Has Not Been Otherwise Rewarded** consists of documented special or unusual assistance to the Department of Corrections or another governmental agency during the period of incarceration which made an exceptional contribution to the health, welfare or safety of persons or property.

6. **Change in Availability of Community Resources Leading to Better Parole Prognosis** may apply when there is an opening or opportunity for an offender to participate in a program, service or other accommodation in the community that will meet the offender's identified need(s) and lead to reduced risk to the community and/or any other person. For example, a drug-dependent offender is accepted into an in-patient, residential or other highly structured program of drug treatment or rehabilitation.

7. **Poor Medical Prognosis** may occur when an offender has been diagnosed as terminally ill and/or is sufficiently debilitated that the likelihood of repeated criminal involvement, or risk to the community and/or any other person is minimal.

8. **Other Change in Circumstances** may occur when the capabilities or characteristics of an offender are altered or modified in ways that minimize the likelihood of repeated

6

criminal involvement, or risk to the community and/or any other person.

**C.   FACTORS COUNTERVAILING A RECOMMENDATION TO GRANT PAROLE:**

**1. Repeated Failure Under Parole Supervision** consists of two (2) or more revocations of parole on the current sentence, OR three (3) or more revocations of parole on any sentence within the preceding five years.  The term "parole supervision" as used in the Parole Guidelines is inclusive of other forms of conditional release including probation, bail, diversion programs or other community supervision.

**2. Ongoing Criminal Behavior** consists of:

    a. Poor community adjustment as evidenced by failure to remain free of criminal activity over sustained periods of time; <u>or</u>

    b. Acting in a leadership role in an organized, criminal venture, such as an organized drug distribution operation; <u>or</u>

    c. A criminal record where the current conviction is at least the third (3rd) conviction for substantially similar offenses, OR at least the fourth (4th) conviction for dissimilar offenses.

**3.   Lengthy History of Criminally-Related Alcohol Abuse** consists of at least five (5) convictions, including the current conviction, for criminal activity committed while under the influence of alcohol.

**4.   History of Repetitive Sophisticated Criminal Behavior** consists of three (3) or more convictions, including the current conviction, for:

    a. Serious crimes involving premeditation or methodical planning; or

    b. Assaultive or fraudulent criminal behavior.

**5. Unusually Extensive or Serious Prior Record** consists of at least five (5) felony convictions for commission, or attempted commission, of any one or any combination of the following "crimes of violence ... notwithstanding that the offender lacked the capacity to commit the crime by reason of infancy, insanity, intoxication, or otherwise" (D.C. Code 3-401(3)):

    a. Arson;

b.  Assault, OR maliciously disfiguring another person, OR mayhem, OR manslaughter, OR murder;

c.  Forcible sodomy, OR sodomy of a child less than 16 years of age, OR rape;

d.  Kidnapping;

e.  Riot;

f.  Robbery;

g.  Unlawful use of explosives.

6.  **Instant Offense Involved Unusual Cruelty to Victims** may apply where the offense involved:

a.  Physical, mental or emotional abuse beyond the degree needed to sustain a conviction on the instant offense; OR

b.  Especially vulnerable victims, e.g., children or elderly persons were the victims of assaultive or fraudulent behavior.

7.  **Repeated or Extremely Serious Negative Institutional Behavior** consists of one or more extremely serious disciplinary infractions, or multiple disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

a.  In INITIAL PAROLE CONSIDERATION CASES, the following offenses shall ordinarily be considered as repeated or extremely serious negative institutional behavior:

(1)  One or more Class I Offenses for murder, manslaughter, kidnapping, armed robbery, or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); OR

(2)  Two or more Class I Offenses as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(3)  One Class I Offense plus two Class II Offenses as defined respectively at DCMR 28-502.4 through 502.17, and 503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

8

(4)  Three or more Class II Offenses as defined at
DCMR 28-503.2 through 503.12 (May 1987) during the
12 months preceding the hearing OR during the last
half of the minimum sentence up to a period of
three years, whichever is longer; OR

(5)  Open charge(s) for new crime(s) committed
during this sentence; OR

(6)  New conviction(s) for crime(s) committed
during this sentence.

b.  In PAROLE RECONSIDERATION cases, the following
offenses occurring since the preceding release
consideration on the sentence shall ordinarily be
considered as repeated or extremely serious negative
institutional behavior:

(1)  One Class I Offense for murder, manslaughter,
kidnapping, armed robbery, or first degree burglary
(see DCMR 28-502.3, May 1987); OR

(2)  Two or more Class I Offenses as defined at
DCMR 28-502.4 through 502.17 (May 1987); OR

(3)  One Class I Offense plus two Class II Offenses
as defined respectively at DCMR 28-502.4 through
502.17, and 503.2 through 503.12 (May 1987); OR

(4)  Three or more Class II Offenses as defined at
DCMR 28-503.2 through 503.12 (May 1987); OR

(5)  Open charge(s) for new crime(s) committed
during this sentence; OR

(6)  New conviction(s) for crime(s) committed
during this sentence.

c.  In RESCISSION CONSIDERATION cases, a recommendation
to grant parole may be countervailed for repeated or
extremely serious negative institutional behavior where
a point for negative institutional behavior was assessed
in the most recent Parole Guideline computation.

8.  **Lengthy History of Criminally-Related Substance Abuse**
consists of at least five (5) convictions, including the
current conviction, for criminal activity committed:

a.  While under the influence of illegal substances, or
illegal use of controlled substances; OR

9

b.  Involving the illegal sale, distribution, purchase or possession of any narcotic drug, controlled dangerous substance or related paraphernalia.

9.  **Absence of Community Resources Which Ensure Safety of the Community** consists of the unavailability of services necessary to support an offender's personal or community adjustment, and to minimize the risk to the community, any other person or the offender, _e.g._, the opportunity is not currently available to participate in an appropriate program to treat the offender's diagnosed emotional, mental or physiological disability or dependency.

Adopted by the Board of Parole on December 16, 1991.

_____
Erias A. Hyman
Chairman

Ex F

USPC

APPENDIX 2-1

SALIENT FACTOR SCORE

(Used to determine numerical values for parole eligibility criteria
pursuant to §204).

Item A:   PRIOR CONVICTIONS/ADJUDICATIONS (ADULT OR JUVENILE).........☐

            None ................. = 3
            One .................. = 2
            Two or Three ......... = 1
            Four or more ......... = 0

Item B:   PRIOR COMMITMENT(S) OR MORE THAN THIRTY DAYS................☐
            (ADULT OR JUVENILE)

            None ................. = 2
            One or Two ........... = 1
            Three or more ........ = 0

Item C:   AGE AT CURRENT OFFENSE/PRIOR COMMITMENTS....................☐

         Age at commencement of current offense
            26 years of age or more ............. = 2
            20-25 years of age .................. = 1
            19 years of age or less ............. = 0

         ***Exception:  If five or more prior commitments of more than
            thirty days (adult or juvenile), place an "X" here _____
            and score this item ................... = 0

Item D:   RECENT COMMITMENT-FREE PERIOD (THREE YEARS), ...............☐

            No prior commitment of more than thirty days (adult or
            juvenile) or released to the community from last such
            commitment at least three years prior to the commencement
            of the current offense .............. = 1

            Otherwise ........................... = 0

Item E:   PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS ................☐
            VIOLATOR THIS TIME

            Neither on probation, confinement, or escape status at
            the time of the current offense; nor committed as a
            probation, parole confinement, or escape status violator
            this time ........................... = 1

            Otherwise ........................... = 0

APPENDIX 2-1    (Continued)


Item F:   HEROIN/OPIATE DEPENDENCE ................................. □

          No history of heroin/opiate dependence ....... = 1

          Otherwise ................................. = 0


TOTAL SCORE ......................................................... □


## Pre-Incarceration Factors


A.   Salient Factor Score _____ (From SFS Worksheet)
     Risk Group:

     Low          _____ (10-9)      Moderate    _____ (5-4)
     Fair         _____ (8-6)       High        _____ (3-0)


B.   TYPE OF RISK ASSESSMENT:

     1.   Violence:

                                                          Yes      No

          a.   Does the current offense involve a felony in    ⌐___   ___
               which the defendant caused, attempted to cause
               or threatened to cause death or serious bodily
               injury to another individual?

          b.   Does the offender have two or more previous
               convictions for a felony described in (1.a)?    ⌐___   ___

     2.   Weapons:

          a.   Does the current offense involve a felony in
               which the defendant used a dangerous weapon?    ___   ___

          b.   Does the offender have two or more previous
               convictions for a felony described in (2.a)?    ___   ___

     3.   Drug Trafficking:

          a.   Does the current offense involve a felony
               conviction under the D.C. Uniform Controlled
               Substances Act for distribution, or intent to
               distribute, illicit substances?                 ___   ⌐___

Ex F

**APPENDIX 2-1**   (Continued)

Drug Trafficking:   (Continued)

> b.  Does the offender have two or more previous
>     convictions for significantly similar offenses
>     as those described in (3.a) (i.e., convictions
>     under this statute or a similar one in another
>     jurisdiction)?                                   ___  ✓

## Post-Incarceration Factors

A.   INSTITUTIONAL ADJUSTMENT:

> Has this offender committed serious disciplinary
> infractions (adjudicated under Department of Corrections
> due process procedures)?                          ___  No

B.   INSTITUTIONAL PROGRAM PARTICIPATION:

> Has this offender demonstrated sustained achievement in
> the area of prison programs, industries, or work
> assignments during this period of incarceration?   Yes  ___

POINT ASSIGNMENT GRID
ADULT OFFENDERS

Instructions:

1.  Circle the appropriate Salient Factor Score category.

2.  Circle any aggravating or mitigating factors for which a finding has
    been made.

3.  Within each applicable cell, circle the number of points to be added
    or subtracted from the baseline point assignment determined by the
    Salient Factor Score Category.

APPENDIX 2-1   (Continued)


POINT ASSIGNMENT GRID ADULT OFFENDERS   (Continued

|  | DEGREE OF RISK | | | |
|  | Salient Factor Score Category | | | |
|  | Low | Fair | Moderate | High |
|  | +0 | +1 | +2 | +3 |
| TYPE OF RISK | | | | |
| a.   Violence | +1 | +1 | +1 | +1 |
| b.   Weapons | | | | |
| c.   Drug Trafficking | | | | |
| | | | | |
| 2.   Negative Institutional Behavior | +1 | +1 | +1 | +1 |
| 3.   Program Achievement | -1* | -1 | -1 | -1 |

* Applicable only where points have been added for aggravating factor.


TOTAL POINTS: _____


IF POINTS = 0:   Parole shall be granted at initial hearing with low level of supervision required.

IF POINTS = 1:   Parole shall be granted at initial hearing with high level of supervision required.

IF POINTS = 2:   Parole shall be granted at initial hearing with highest level of supervision required.

IF POINTS = 3-5:   Parole shall be denied at initial hearing and rehearing scheduled.


DECISION WORKSHEET:   INITIAL HEARINGS


(1)   Minimum Term: _____   (2)   Maximum Term: _____
(3)   Months in custody at Date of Hearing: _____
(4)   Decision:   / /   Parole                          Date _____
                  / /   Rehearing                       Date _____
(5)   Decision is Within _____ Below _____ Above _____ Guidelines

Reasons (if outside of the Guidelines):

WORSE RISK:

...Repeated failure under parole supervision;
...Current offense involves on-going criminal behavior;
...Lengthy history of criminally related alcohol abuse;

Ex. F

APPENDIX 2-1   (Continued)


WORSE RISK:   (Continued)


...History of repetitive sophisticated criminal behavior;
...Unusually extensive and serious prior record (at least five felony
convictions);
...Unusual cruelty to victims.
Specifically: _____

BETTER RISK:   NOTE:      Applicable only to offenders not classified as
                         low risks by the Salient Factor Score.

...record resulting exclusively from trivial offenses;
...substantial crime-free period for which credit not already given on the
   Salient Factor Score.
Specifically: _____


OTHER PRE-INCARCERATION FACTORS:

...This YCA offender would have been exposed to a maximum sentence of ____
   months had he/she been sentenced as an adult;
...Substantial cooperation with the government that has not been otherwise
   rewarded;
...Substantial period in custody on other sentence(s) or additional
   committed sentences.  (NOTE:  This circumstance can also be used as an
   "other change in circumstances" below if a new committed sentence is
   imposed after incarceration on the current offense).
...Other _____

Specifically: _____


POST-INCARCERATION FACTORS:

...Exceptional achievement in educational or vocational programs during
   period of incarceration;
...Change in the availability of community resources leading to better
   parole prognosis;
...Poor medical prognosis;
...Other change in circumstances _____

Specifically: _____
_____

APPENDIX 2-1   (Continued)

POINT ASSIGNMENT GRID:   INITIAL PAROLE CONSIDERATION
YCA OFFENDERS

Instructions:

1.  Circle the appropriate Salient Factor Score category.

2.  Circle any aggravating or mitigating factors for which a finding has been made.

3.  Within each applicable cell, circle the number of points to be added or subtracted from the baseline point assignment determined by the Salient Factor Score category.

|  | DEGREE OF RISK | | | |
| --- | --- | --- | --- | --- |
|  | Salient Factor Score Category | | | |
|  | Low | Fair | Moderate | High |
|  | +0 | +1 | +2 | +3 |
| 1.  TYPE OF RISK |  |  |  |  |
|   a.  Violence | +1 | +1 | +1 | +1 |
|   b.  Weapons |  |  |  |  |
|   c.  Drug Trafficking |  |  |  |  |
| 2.  Negative Institutional Behavior | +1 | +1 | +1 | +1 |

*  As initial hearings for YCA offenders are held approximately 60 days after their incarceration, a reduction in points for sustained program achievement is not appropriate at the initial hearing.

TOTAL POINTS:_____

IF POINTS = 0:   Parole shall be granted at initial hearing with conditions established to address treatment needs.

IF POINTS = 1-5:   Parole shall be denied at initial hearing and a rehearing scheduled based on estimated time to achieve program objectives established by the classification team and the Board of Parole.

E x F

APPENDIX 2-2

REHEARING GUIDELINES
POINT ASSIGNMENT GRID AND FINDINGS WORKSHEET FOR REHEARINGS
ADULT AND YCA OFFENDERS

POINT GRID FOR PAROLE REHEARINGS

POINTS

1. Points From Previous Hearing          _____

2. Negative Institutional Behavior
   Since Last Consideration              +1

3. Program Achievement Since Last
   Consideration                        -1

TOTAL POINTS: _____

IF POINTS = 0-3:   Parole shall be granted at this rehearing with highest
                   level of supervision required.

IF POINTS = 4-5:   Parole shall be denied and a rehearing date scheduled.

Findings

|  | | Yes | No |
|---|---|---|---|
| A. | INSTITUTIONAL ADJUSTMENT: Has this offender committed serious infractions (adjudicated under Department of Corrections due process procedures)? | ___ | ___ |
| B. | INSTITUTIONAL PROGRAM PARTICIPATION: Has this offender demonstrated sustained achievement in the area of prison programs, industries or work assignments during this period of incarceration? | ___ | ___ |

E x F

APPENDIX 2-2

### DECISION WORKSHEET:  REHEARINGS

(1)  Minimum Term: _____  (2)  Maximum Term: _____
(3)  Months in custody at Date of Hearing: _____
(4)  Decision:  / /  Parole              Date _____
              / /  Rehearing            Date _____
(5)  Decision is Within _____  Below _____  Above _____  Guidelines

Reasons (if outside of the Guidelines):

...Change in the availability of community resources leading to better
   parole prognosis
...Poor medical prognosis
...Other change in circumstances _____
_____
_____
Specifically: _____
_____

```
HAZMD  531.01  *            INMATE HISTORY            *     06-30-2014
PAGE 001          *            EDUCATION                *     13:44:15
```

REG NO..: 98411-131 NAME....: BYRD, GARY E
CATEGORY: EDC        FUNCTION: PRT        FORMAT: EDUCATION

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|-----|
| HAZ | (I)DIVERSITY&COMMUNIC-CAI 10HR | 04-25-2014 | 05-30-2014 | P | C | P | 10 |
| HAZ | (A)INTERNET BASICS-CAI 20HRS | 04-25-2014 | 05-30-2014 | P | C | P | 20 |
| LEW SMU | SMU PERSONAL GROWTH I RPP 6 | 07-19-2012 | 06-12-2013 | P | C | P | 3 |
| LEW SMU | RADIO SMU PARENTING H RPP6 | 06-25-2013 | 07-24-2013 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND H | 06-27-2013 | 07-24-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND H | 06-27-2013 | 07-24-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND H | 06-27-2013 | 07-24-2013 | P | C | P | 5 |
| LEW SMU | LEXINGTON/PICKETTS CHARGE RPP6 | 06-25-2013 | 07-16-2013 | P | C | P | 5 |
| LEW SMU | CHINA/THE SILK ROAD RPP6 | 06-25-2013 | 07-16-2013 | P | C | P | 5 |
| LEW SMU | DOUBLE YOUR PRODUCTIVITY RPP2 | 06-25-2013 | 07-16-2013 | P | C | P | 5 |
| LEW SMU | MONEY AND YOU/WORLD WORKS RPP3 | 06-25-2013 | 07-16-2013 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND G | 03-23-2013 | 06-14-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND G | 03-23-2013 | 06-14-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND G | 03-23-2013 | 06-10-2013 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING G RPP6 | 04-09-2013 | 06-04-2013 | P | C | P | 5 |
| LEW SMU | COLUMBUS/MICHELANGELO RPP6 | 04-01-2013 | 06-10-2013 | P | C | P | 5 |
| LEW SMU | DECISION TRAPS/FRAMING RPP6 | 04-01-2013 | 06-10-2013 | P | C | P | 5 |
| LEW SMU | VAL ASSET/JOB YOU WANT RPP2 | 04-01-2013 | 06-10-2013 | P | C | P | 5 |
| LEW SMU | MASTERING TIME/PRODUCTIV RPP6 | 04-01-2013 | 06-10-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND F | 01-27-2013 | 03-23-2013 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND F | 01-27-2013 | 03-23-2013 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND F | 01-27-2013 | 03-23-2013 | P | C | P | 5 |
| LEW SMU | TOOLS OFTHINK/THINK BASIC RPP6 | 02-04-2013 | 04-08-2013 | P | C | P | 5 |
| LEW SMU | MONEY/SOCIAL CONTRACT RPP3 | 02-04-2013 | 04-08-2013 | P | C | P | 5 |
| LEW SMU | HISTORY/NEOLITHIC REVOLUT RPP6 | 02-04-2013 | 04-08-2013 | P | C | P | 5 |
| LEW SMU | WAR/ELECTION OF 1860 RPP6 | 02-04-2013 | 04-08-2013 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING F RPP6 | 02-05-2013 | 03-26-2013 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND E | 12-09-2012 | 12-15-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND E | 12-09-2012 | 12-15-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND E | 12-09-2012 | 12-15-2012 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING E RPP6 | 12-11-2012 | 12-11-2012 | P | C | P | 5 |
| LEW SMU | DECISIONS/COGNATV BIASES RPP6 | 12-10-2012 | 12-11-2012 | P | C | P | 5 |
| LEW SMU | TURBO STRATEGY RPP3 | 12-10-2012 | 12-11-2012 | P | C | P | 5 |
| LEW SMU | TRADE&CONTACTS/IMITATION RPP6 | 12-10-2012 | 12-11-2012 | P | C | P | 5 |
| LEW SMU | CONFLCT&DEB/CONSTRUCTIVE RPP6 | 12-10-2012 | 12-11-2012 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING D RPP6 | 10-23-2012 | 10-23-2012 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND D | 10-20-2012 | 10-27-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND D | 10-20-2012 | 10-27-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND D | 10-20-2012 | 10-27-2012 | P | C | P | 5 |
| LEW SMU | NEGOTIATE THE BEST DEAL RPP2 | 10-22-2012 | 10-23-2012 | P | C | P | 5 |
| LEW SMU | SMITH V MARX/DARWIN RPP6 | 10-22-2012 | 10-23-2012 | P | C | P | 5 |

G0002      MORE PAGES TO FOLLOW . . .

*Ex. G*

```
HAZMD  531.01 *              INMATE HISTORY           *     06-30-2014
PAGE 002 OF 002 *              EDUCATION              *     13:44:15
```

```
REG NO..: 98411-131 NAME....: BYRD, GARY E
CATEGORY: EDC          FUNCTION: PRT        FORMAT: EDUCATION
```

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| LEW SMU | SUPER SALES MANAGEMENT RPP2 | 10-22-2012 | 10-23-2012 | P | C | P | 5 |
| LEW SMU | LEARNING MADE SIMPLE RPP6 | 10-22-2012 | 10-23-2012 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING C RPP6 | 08-07-2012 | 08-07-2012 | P | C | P | 5 |
| LEW SMU | HISTORY-CLASSICAL/POSTCL RPP6 | 08-06-2012 | 08-08-2012 | P | C | P | 5 |
| LEW SMU | PROB SOLV/DECISION MKNG RPP6 | 08-06-2012 | 08-08-2012 | P | C | P | 5 |
| LEW SMU | PSYCH SUCCESS/MENTAL ACC RPP6 | 08-06-2012 | 08-08-2012 | P | C | P | 5 |
| LEW SMU | AMBIG SITUAT/WISDOM RPP6 | 08-06-2012 | 08-08-2012 | P | C | P | 5 |
| LEW SMU | LIFE LONG WELLNESS ROUND B | 07-28-2012 | 07-29-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO MEMORY ROUND B | 07-28-2012 | 07-29-2012 | P | C | P | 5 |
| LEW SMU | SMU RADIO NUTRITION ROUND B | 07-28-2012 | 07-29-2012 | P | C | P | 5 |
| LEW SMU | RADIO SMU PARENTING B RPP6 | 07-23-2012 | 07-24-2012 | P | C | P | 5 |
| LEW SMU | REC PATTERNS/REASONING RPP6 | 07-23-2012 | 07-24-2012 | P | C | P | 5 |
| LEW SMU | FINANCIAL IND/LEADERSHIP RPP3 | 07-23-2012 | 07-24-2012 | P | C | P | 5 |
| LEW SMU | POTENTIAL/TRACKING CAREER RPP2 | 07-23-2012 | 07-24-2012 | P | C | P | 5 |
| LEW SMU | DEFEAT SPANISH/VIENNA RPP6 | 07-23-2012 | 07-24-2012 | P | C | P | 5 |
| CLP | RPP HEALTH/NUTRITION #1 | 06-26-2011 | 06-26-2011 | P | C | P | 1 |
| CLP | PHOTO CLASS | 04-15-2010 | 06-01-2010 | P | C | P | 4 |
| BSY | BEG CERAMICS;T&R;12:30-2:00;JB | 07-10-2008 | 08-12-2008 | P | C | P | 12 |
| BSY | ELL ORIENTATION | 08-15-2007 | 08-15-2007 | P | C | P | 1 |
| LVN | BASIC FORKLIFT CLASS-30 HR | 09-08-2003 | 09-19-2003 | P | C | P | 30 |
| LOM | EDUC PRE RELEASE | 08-14-1992 | 08-14-1992 | P | C | P | 6 |
| LVN | ABE2-4:00 | 03-28-1988 | 03-29-1988 | P | W | V | 0 |
|  | ADULT BASIC EDUCATION | 02-13-1985 | 06-12-1985 | C | W | I | 0 |

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

Ex. H

# Memorandum

*Low-total point score*

0-2  at initials
0-3  at rehearings

point subtracted for sustained achievement
good conduct

| Subject | Date |
|---|---|
| Special Procedures for District of Columbia Code Offenders | August 21, 1992 |

| To | From |
|---|---|
| Jasper R. Clay, Jr.<br>Acting Chairman<br>U.S. Parole Commission | Michael A. Stover  *Michael Stover by RC*<br>General Counsel<br>and  *Rockne Chickinell*<br>Rockne Chickinell<br>Deputy General Counsel<br>U.S. Parole Commission |

## I. INTRODUCTION

The U.S. Parole Commission is now required to apply District of Columbia parole laws and guidelines to all D.C. Code offenders in federal prisons, both male and female inmates. The following memorandum explains the D.C. guidelines and other relevant regulations and policies of the D.C. Board of Parole. It provides our legal advice for compliance with the court order in Cosgrove v. Thornburgh, Civ. No. 80-0516 (D.D.C. 1989)(which applies to federally-housed male D.C. Code inmates). Female D.C. Code inmates can continue to apply for a transfer and a hearing before the D.C. Board, but if they elect to appear before the Commission, a hearing must be held under D.C. procedures.

This memorandum also contains our policy for mixed sentence (U.S. and D.C.) cases, which is published at 28 C.F.R. §2.68. Due to the decision in Thomas v. Brennan, 961 F.2d 612 (7th Cir. 1992), which was recently adopted by the district court in the Cosgrove class action case, the Commission has passed an amendment to this regulation which requires the advancement of any D.C. guideline hearing that was scheduled for a date after the expiration of a mixed sentence prisoner's "federal time". This amended version of the mixed sentence policy should be implemented immediately, as the Commission determined at its July, 1992 business meeting, and it should be applied retroactively as previously decided cases come before Commissioners and staff for a review or hearing.

Note: For purposes of applying D.C. parole laws and guidelines

Date: 10/27/2014
Time: 11:53:11 AM

Facility: HAZ

**Federal Bureau of Prisons**
**TRUFACS**
**Inmate Statement**
Sensitive But Unclassified

**Start Date:** 01/27/2014
**End Date:** 10/27/2014
**Inmate Reg#:** 98411131
**Account Status:** All
**Institution:** All

## General Information

| | | |
|---|---|---|
| Inmate Reg#: | 98411131 | |
| Inmate Name: | BYRD, GARY E | |
| Current Site Name: | Hazelton USP | |
| Housing Unit: | HAZ-E-B | |

| | |
|---|---|
| Living Quarter: | E04-230U |
| Arrived From: | ALX |
| Transferred To: | |
| Account Creation Date: | 1/7/2002 |

## Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 03/11/2014 03:26:26 AM | TX031114 | | | Transfer - In from TRUFACS | $81.00 | | $81.00 |
| HAZ | 03/11/2014 11:41:15 AM | 63 | | | Sales | ($51.90) | | $29.10 |
| HAZ | 03/11/2014 11:43:40 AM | 64 | | | Sales | ($8.05) | | $21.05 |
| HAZ | 03/12/2014 10:42:53 AM | TFN0312 | | | Phone Withdrawal | ($3.00) | | $18.05 |
| HAZ | 03/13/2014 10:36:46 AM | TFN0313 | | | Phone Withdrawal | ($2.00) | | $16.05 |
| HAZ | 03/18/2014 05:16:47 AM | 70154301 | | | Lockbox - CD | $100.00 | | $116.05 |
| HAZ | 03/21/2014 07:22:49 PM | TFN0321 | | | Phone Withdrawal | ($2.00) | | $114.05 |
| HAZ | 03/25/2014 08:44:08 AM | 7 | | | Sales | ($89.00) | | $25.05 |
| HAZ | 03/25/2014 10:03:08 AM | TL0325 | | | TRUL Withdrawal | ($15.00) | | $10.05 |
| HAZ | 03/26/2014 11:29:04 AM | TL0326 | | | TRUL Withdrawal | ($5.00) | | $5.05 |
| HAZ | 03/27/2014 08:32:31 AM | TL0327 | | | TRUL Withdrawal | ($5.00) | | $0.05 |
| HAZ | 03/27/2014 08:33:27 AM | TL0327 | | | TRUL Withdrawal | $2.00 | | $2.05 |
| HAZ | 03/29/2014 11:12:52 AM | TFN0329 | | | Phone Withdrawal | ($2.00) | | $0.05 |
| HAZ | 04/03/2014 03:43:57 PM | NICD0414-4480 | | | Debt Encumbrance | | ($0.05) | |
| HAZ | 04/07/2014 01:08:31 PM | 33314097 | | | Western Union | $100.00 | | $100.05 |
| HAZ | 04/07/2014 01:08:31 PM | NICD0414-4566 | | | Debt Encumbrance | | ($1.95) | |

Date: 10/27/2014
Time: 11:53:11 AM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: HAZ

## General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 98411131 | Living Quarter: | E04-230U |
| Inmate Name: | BYRD, GARY E | Arrived From: | ALX |
| Current Site Name: | Hazelton USP | Transferred To: | |
| Housing Unit: | HAZ-E-B | Account Creation Date: 1/7/2002 | |

## Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 04/07/2014 02:45:05 PM | 53 | | | Sales | ($52.40) | | $47.65 |
| HAZ | 04/07/2014 05:41:31 PM | TL0407 | | | TRUL Withdrawal | ($10.00) | | $37.65 |
| HAZ | 04/08/2014 12:10:18 AM | NICD0414 - 4566 | | | Debt Encumbrance - Released | | $1.95 | |
| HAZ | 04/08/2014 12:10:18 AM | NICD0414 - 4480 | | | Debt Encumbrance - Released | | $0.05 | |
| HAZ | 04/08/2014 12:10:18 AM | NICD0414 | | | Inmate Co-pay | ($2.00) | | $35.65 |
| HAZ | 04/08/2014 10:34:29 AM | TFN0408 | | | Phone Withdrawal | ($3.00) | | $32.65 |
| HAZ | 04/09/2014 06:03:42 PM | TFN0409 | | | Phone Withdrawal | ($1.00) | | $31.65 |
| HAZ | 04/12/2014 02:07:33 PM | 33314102 | | | Western Union | $100.00 | | $131.65 |
| HAZ | 04/14/2014 08:58:26 AM | 32 | | | Sales | ($31.55) | | $100.10 |
| HAZ | 04/14/2014 07:17:49 PM | TFN0414 | | | Phone Withdrawal | ($3.00) | | $97.10 |
| HAZ | 04/16/2014 08:00:27 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $92.10 |
| HAZ | 04/19/2014 11:56:23 AM | TFN0419 | | | Phone Withdrawal | ($3.00) | | $89.10 |
| HAZ | 04/20/2014 01:02:43 PM | TFN0420 | | | Phone Withdrawal | ($2.00) | | $87.10 |
| HAZ | 04/21/2014 02:24:27 PM | 96 | | | Sales | ($29.40) | | $57.70 |
| HAZ | 04/25/2014 09:04:29 AM | 33314115 | | | Western Union | $50.00 | | $107.70 |
| HAZ | 04/27/2014 01:17:29 PM | TFN0427 | | | Phone Withdrawal | ($3.00) | | $104.70 |
| HAZ | 04/28/2014 11:56:45 AM | 34 | | | Sales | ($98.70) | | $6.00 |
| HAZ | 05/06/2014 01:20:34 PM | 89 | | | Sales | ($5.55) | | $0.45 |
| HAZ | 05/08/2014 09:57:39 AM | NIPP0414 | | | Payroll - IPP | $58.00 | | $58.45 |
| HAZ | 05/09/2014 09:05:09 AM | 33 | | | Sales | $0.00 | | $58.45 |
| HAZ | 05/09/2014 04:09:11 PM | 33314129 | | | Western Union | $35.00 | | $93.45 |
| HAZ | 05/10/2014 02:07:03 PM | TL0510 | | | TRUL Withdrawal | ($5.00) | | $88.45 |
| HAZ | 05/11/2014 03:20:02 PM | TFN0511 | | | Phone Withdrawal | ($3.00) | | $85.45 |

Page 2

Date: 10/27/2014
Time: 11:53:11 AM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: HAZ

### General Information

| Inmate Reg#: | 98411131 | Living Quarter: | E04-230U |
| Inmate Name: | BYRD, GARY E | Arrived From: | ALX |
| Current Site Name: | Hazelton USP | Transferred To: | |
| Housing Unit: | HAZ-E-B | Account Creation Date: | 1/7/2002 |

### Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 05/12/2014 12:42:03 PM | 40 | | | Sales | ($62.80) | | $22.65 |
| HAZ | 05/14/2014 10:34:40 AM | TFN0514 | | | Phone Withdrawal | ($2.00) | | $20.65 |
| HAZ | 05/20/2014 08:45:46 AM | 35 | | | Sales | ($15.55) | | $5.10 |
| HAZ | 05/20/2014 01:10:27 PM | 33314140 | | | Western Union | $50.00 | | $55.10 |
| HAZ | 05/22/2014 07:03:07 PM | TFN0522 | | | Phone Withdrawal | ($2.00) | | $53.10 |
| HAZ | 05/27/2014 01:53:08 PM | 76 | | | Sales | ($53.10) | | $0.00 |
| HAZ | 06/06/2014 09:52:40 AM | NIPP0514 | | | Payroll - IPP | $44.08 | | $44.08 |
| HAZ | 06/10/2014 02:30:15 PM | 60 | | | Sales | ($43.40) | | $0.68 |
| HAZ | 06/13/2014 05:18:16 AM | 70160501 | | | Lockbox - CD | $50.00 | | $50.68 |
| HAZ | 06/15/2014 01:00:57 PM | TFN0615 | | | Phone Withdrawal | ($2.00) | | $48.68 |
| HAZ | 06/16/2014 02:59:11 PM | 79 | | | Sales | ($39.10) | | $9.58 |
| HAZ | 06/16/2014 03:02:29 PM | 80 | | | Sales | ($3.92) | | $5.66 |
| HAZ | 06/20/2014 11:17:57 AM | TFN0620 | | | Phone Withdrawal | ($2.00) | | $3.66 |
| HAZ | 06/25/2014 01:56:32 PM | TFN0625 | | | Phone Withdrawal | ($2.00) | | $1.66 |
| HAZ | 06/26/2014 01:52:57 PM | TFN0626 | | | Phone Withdrawal | ($1.00) | | $0.66 |
| HAZ | 07/07/2014 12:08:32 PM | 33314188 | | | Western Union | $100.00 | | $100.66 |
| HAZ | 07/08/2014 08:47:54 AM | 19 | | | Sales | ($85.00) | | $15.66 |
| HAZ | 07/08/2014 12:50:09 PM | NICP0714 | | | Inmate Co-pay | ($2.00) | | $13.66 |
| HAZ | 07/08/2014 04:53:16 PM | TL0708 | | | TRUL Withdrawal | ($5.00) | | $8.66 |
| HAZ | 07/09/2014 01:22:29 PM | TFN0709 | | | Phone Withdrawal | ($3.00) | | $5.66 |
| HAZ | 07/09/2014 03:05:11 PM | NICP0714-V | | | Inmate Co-pay | $2.00 | | $7.66 |
| HAZ | 07/09/2014 07:00:06 PM | TFN0709 | | | Phone Withdrawal | ($1.00) | | $6.66 |
| HAZ | 07/10/2014 01:28:24 PM | NIPP0614 | | | Payroll - IPP | $64.07 | | $70.73 |
| HAZ | 07/10/2014 07:20:03 PM | TFN0710 | | | Phone Withdrawal | ($3.00) | | $67.73 |
| HAZ | 07/12/2014 05:16:37 PM | TFN0712 | | | Phone Withdrawal | ($2.00) | | $65.73 |

Page 3

Date: 10/27/2014
Time: 11:53:11 AM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: HAZ

## General Information

| | |
|---|---|
| Inmate Reg#: | 98411131 |
| Inmate Name: | BYRD, GARY E |
| Current Site Name: | Hazelton USP |
| Housing Unit: | HAZ-E-B |

| | |
|---|---|
| Living Quarter: | E04-230U |
| Arrived From: | ALX |
| Transferred To: | |
| Account Creation Date: | 1/7/2002 |

## Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 07/15/2014 03:30:58 PM | 33314196 | | | Western Union | $50.00 | | $115.73 |
| HAZ | 07/28/2014 02:39:46 PM | 87 | | | Sales | ($73.60) | | $42.13 |
| HAZ | 07/31/2014 05:33:52 PM | TFN0731 | | | Phone Withdrawal | ($1.00) | | $41.13 |
| HAZ | 08/04/2014 02:17:35 PM | 58 | | | Sales | ($40.70) | | $0.43 |
| HAZ | 08/05/2014 01:34:18 PM | NICD0814-7010 | | | Debt Encumbrance | | ($0.43) | |
| HAZ | 08/08/2014 09:56:14 AM | NIPP0714 | | | Payroll - IPP | $63.50 | | $63.93 |
| HAZ | 08/08/2014 09:56:14 AM | NICD0814-7079 | | | Debt Encumbrance | | ($1.57) | |
| HAZ | 08/09/2014 12:10:06 AM | NICD0814-7079 | | | Debt Encumbrance - Released | | $1.57 | |
| HAZ | 08/09/2014 12:10:06 AM | NICD0814-7010 | | | Debt Encumbrance - Released | | $0.43 | |
| HAZ | 08/09/2014 12:10:06 AM | NICD0814 | | | Inmate Co-pay | ($2.00) | | $61.93 |
| HAZ | 08/11/2014 05:56:43 PM | TFN0811 | | | Phone Withdrawal | ($3.00) | | $58.93 |
| HAZ | 08/12/2014 08:02:38 AM | TL0812 | | | TRUL Withdrawal | ($2.00) | | $56.93 |
| HAZ | 08/15/2014 04:31:13 PM | NICD0814-V | | | Inmate Co-pay | $2.00 | | $58.93 |
| HAZ | 08/18/2014 02:52:13 PM | 103 | | | Sales | ($54.75) | | $4.18 |
| HAZ | 08/18/2014 03:07:45 PM | 106 | | | Sales | ($0.90) | | $3.28 |
| HAZ | 08/26/2014 10:16:40 AM | TFN0826 | | | Phone Withdrawal | ($1.00) | | $2.28 |
| HAZ | 09/02/2014 11:53:45 AM | TFN0902 | | | Phone Withdrawal | ($2.00) | | $0.28 |
| HAZ | 09/04/2014 02:08:10 PM | 33314247 | | | Western Union | $50.00 | | $50.28 |
| HAZ | 09/05/2014 08:31:25 AM | NIPP0814 | | | Payroll - IPP | $49.30 | | $99.58 |
| HAZ | 09/05/2014 06:25:28 PM | TFN0905 | | | Phone Withdrawal | ($3.00) | | $96.58 |
| HAZ | 09/09/2014 11:17:27 AM | 69 | | | Sales | ($70.45) | | $26.13 |

Page 4

Date: 10/27/2014
Time: 11:53:11 AM

Facility: HAZ

## Federal Bureau of Prisons
## TRUFACS
## Inmate Statement
Sensitive But Unclassified

### General Information

| | |
|---|---|
| Inmate Reg#: | 98411131 |
| Inmate Name: | BYRD, GARY E |
| Current Site Name: | Hazelton USP |
| Housing Unit: | HAZ-E-B |

| | |
|---|---|
| Living Quarter: | E04-230U |
| Arrived From: | ALX |
| Transferred To: | |
| Account Creation Date: | 1/7/2002 |

### Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 09/09/2014 02:07:47 PM | 33314252 | | | Western Union | $50.00 | | $76.13 |
| HAZ | 10/02/2014 11:16:32 AM | 120 | | | Sales | ($9.80) | | $66.33 |
| HAZ | 10/06/2014 02:18:41 PM | TFN1006 | | | Phone Withdrawal | ($2.00) | | $64.33 |
| HAZ | 10/06/2014 03:04:10 PM | TFN1006 | | | Phone Withdrawal | ($3.00) | | $61.33 |
| HAZ | 10/07/2014 06:42:18 PM | TFN1007 | | | Phone Withdrawal | ($2.00) | | $59.33 |
| HAZ | 10/10/2014 04:15:40 PM | 33 | | | Sales | ($44.40) | | $14.93 |
| HAZ | 10/12/2014 10:51:04 AM | TFN1012 | | | Phone Withdrawal | ($2.00) | | $12.93 |
| HAZ | 10/13/2014 03:04:09 PM | TFN1013 | | | Phone Withdrawal | ($2.00) | | $10.93 |
| HAZ | 10/17/2014 09:20:51 AM | PIPP1014 | | | Payroll - IPP | $40.00 | | $50.93 |
| HAZ | 10/20/2014 01:07:55 PM | 33314293 | | | Western Union | $60.00 | | $110.93 |
| HAZ | 10/20/2014 03:03:46 PM | TFN1020 | | | Phone Withdrawal | ($2.00) | | $108.93 |
| HAZ | 10/22/2014 10:46:52 AM | 29 | | | Sales | ($68.20) | | $40.73 |
| HAZ | 10/22/2014 11:09:11 AM | 26 | | | Sales | ($12.95) | | $27.78 |
| HAZ | 10/22/2014 12:36:44 PM | PICP1014 | | | Inmate Co-pay | ($2.00) | | $25.78 |
| HAZ | 10/23/2014 06:02:23 PM | TFN1023 | | | Phone Withdrawal | ($2.00) | | $23.78 |
| | Total Transactions: | 100 | | | Totals: | $23.78 | $0.00 | |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | $23.78 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $23.78 |
| Totals: | $23.78 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $23.78 |

Date: 10/27/2014
Time: 11:53:11 AM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: HAZ

## General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 98411131 | Living Quarter: | E04-230U |
| Inmate Name: | BYRD, GARY E | Arrived From: | ALX |
| Current Site Name: | Hazelton USP | Transferred To: | |
| Housing Unit: | HAZ-E-B | Account Creation Date: | 1/7/2002 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max. Balance -Prev. 30 Days | Average Balance- Prev. 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $763.95 | $847.87 | $41.29 | $110.93 | $47.84 | N/A | N/A |